IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YASSER F. DAOUD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-873-SLR |
| | ) |
| CITY OF WILMINGTON and | ) |
| SAMUEL PRATCHER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

At Wilmington this 28th day of March, 2014 having reviewed defendant Samuel Pratcher's ("Pratcher") motion to dismiss (D.I. 20), and the papers submitted in connection therewith; the court issues its decision based on the following analysis:

1. **Background.** On July 12, 2012, plaintiff Yasser F. Daoud ("Daoud") filed this action against the City of Wilmington ("City") and former Mayor James M. Baker ("Baker") alleging violations of 42 U.S.C. § 2000e et seq, the Americans with Disabilities Act, the 5th and 14th Amendments to the U.S. Constitution, 42 U.S.C. § 1983 ("§ 1983"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, and 19 Del. C. § 700 et. seq. (D.I. 1) As neither the City or Baker were served with the initial complaint, no responsive pleading was filed. On February 19, 2013, Daoud filed an amended complaint ("complaint"), dropping Baker from the case and adding Pratcher, the former (now retired) Director of Personnel as a defendant. (D.I. 6) After initially moving to dismiss the complaint,[1] the City answered the complaint on April

---

[1] Pratcher did not join in this motion as he had yet to be served with process.

15, 2013. (D.I. 11) On May 18, 2013, Pratcher was served with a copy of the complaint. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, 42 U.S.C. § 2000e-5(f)(3) and supplemental jurisdiction is proper under 28 U.S.C. § 1367.

2. **Standard of Review.** A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555; *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*,

2

515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

3. The court's determination is not whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

4. **Analysis**. Daoud clarifies that the only claim he asserts against Pratcher in an individual capacity is the "[§] 1983 wrongful termination claim that arose on February 18, 2011[,] when Pratcher terminated [p]laintiff's employment with [the] City of Wilmington." (D.I. 25 at 1) Accordingly, the court confines its analysis to that claim. Daoud's § 1983 claims against Pratcher appear to be substantively grounded in the Fourteenth Amendment. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

5. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir 2005) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." *Id.* (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)); *see also Knight v. Carmike Cinemas*, 2011 WL 3665379, at *4 (D. Del. Aug. 22, 2011) (quoting *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir. 1988)) ("[u]nder Third Circuit precedent, a § 1983 claim will survive a motion to dismiss under Rule 12(b)(6) if it 'allege[s] the specific conduct violating the plaintiffs rights, the time and place of the conduct, and the identity of the responsible officials.'")

6. In his complaint, Daoud offers the following facts regarding Pratcher[2] and the

---

[2]In viewing the complaint in the light most favorable to Daoud, the court notes any references which could arguably include allegations against Pratcher. Therefore, the court includes any references to "defendants."

4

events leading up to his termination. "Defendant . . . Pratcher . . . at all relevant times was a member of personnel management, including Director of Human Resources. By his action and/or inaction he knowingly participated in or acquiesced to the unlawful conduct about which Mr. Daoud complains." (D.I. 6 at ¶ 6) "At all relevant times[,] Pratcher acted under color of state law." (Id. at ¶ 7) The "[d]efendants rejected [Daoud's] application for every promotional opportunity . . . . (Id. at ¶ 12) The "[d]efendants failed to meaningfully investigate" complaints to management. (Id. at ¶ 13) Defendants more favorably treated a successful candidate for a certain promotion. (Id. at ¶¶ 28-30, 39) After Daoud "complained in or about October 2008 to personnel management, including [d]efendant Pratcher," defendants disregarded the "complaint and maintained the discriminatory misconduct . . . ." (Id. at ¶ 31)

7. Specifically related to his termination, Daoud's complaint states that "the City's Human Resources Administrator" noted in an assessment that Daoud had been on modified duty, was making no attempts to return to full duty, and the administrator was recommending moving "towards termination/disability." (Id. at ¶ 57) "On February 18, 2011 the City unjustifiably terminated Mr. Daoud, claiming he was able to fully perform his duties and responsibilities as a truck driver." (Id. at ¶ 58) In his count for failure to hire and termination of employment, Daoud alleges that "he was unlawfully terminated from employment" and that "the City violated 42 U.S.C. § 1983, by the discriminatory conduct alleged herein regarding his termination in February 2011." (Id. at ¶¶ 66-67) In his count for retaliation, Daoud alleges "the [d]efendant is liable to Mr. Daoud under the aforementioned federal statutes and state provision because the City

of Wilmington retaliated against him after he complained about the City's discriminatory practices . . . ." (*Id.* at ¶ 69) His "removal from City employment was retaliatory and independently discriminatory in violation of federal and state laws, including 42 U.S.C. § 1983." (*Id.* at ¶¶ 70-71)

8. Pratcher seeks to dismiss Daoud's § 1983 claims as barred by the statute of limitations, arguing that Daoud has not pled a "wrongful termination" claim against Pratcher. Pratcher does admit that had the complaint alleged such a claim, it may have been timely.[3] As described above, Daoud alleges that "he was unlawfully terminated from employment" and his "removal from City employment was retaliatory and independently discriminatory in violation of federal and state laws, including 42 U.S.C. § 1983." (D.I. 6 at ¶¶ 66, 71) Viewing all factual allegations in the light most favorable to Daoud, the court concludes that Daoud has arguably asserted an unlawful termination claim against Pratcher. Therefore, the court does not dismiss the claim as untimely.

9. As to Pratcher's individual liability, Daoud alleged that Pratcher was acting under color of state law. Daoud makes the following legal conclusion, that by Pratcher's "action and/or inaction he knowingly participated in or acquiesced to the unlawful conduct." However, Daoud does not proffer any facts to establish that Pratcher had any "personal involvement" in his termination, i.e., Daoud has alleged no specific conduct by Pratcher which violated his constitutional rights or evidences that Pratcher had knowledge of the allegedly unlawful conduct or if he acquiesced thereto.

---

[3]The parties agree that the statute of limitations for such a claim is two years. The termination occurred on February 18, 2011, and Daoud filed his lawsuit on February 19, 2013 (February 18, 2013 was a court holiday, President's Day).

10. **Conclusion.** For the foregoing reasons, the court grants Pratcher's motion to dismiss. An order shall issue.

_____
United States District Judge